IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

**RICHARD TERRY WOODSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. GS189260      Angelita Blackshear Dalton, Judge**

_____

**No. M2018-02153-CCA-R3-PC**

_____

The Petitioner, Richard Terry Woodson, appeals the denial of his petition for post-conviction relief. He argues that his conviction should be set aside because requiring him to register as a sex offender violates his right to be free from ex post facto laws, his right to due process, his right to be free from cruel and unusual punishment, and violates principles of double jeopardy. After review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, Richard Terry Woodson.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Sarah Wolfson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 5, 2004, the Petitioner pled guilty in general sessions court to a charge of attempted promoting prostitution and was sentenced to eleven months and twenty-nine days with all but ten days suspended. The court also mandated STD testing as part of the sentence. The facts giving rise to the conviction were recited in an affidavit filed by the State in general sessions court as follows:

Subj approached arresting officer and a deal was made for $40.00 to have oral sex with a female . . . .  Subj then motioned for the female to come to my vehicle and he stated to her for her to get in and that a deal had been made for $40.00 for oral sex.  Female agreed and then the defendant left the vehicle and told the female to be at the Conoco gas station . . . in 15 minutes when she was done.

On August 31, 2018, the Petitioner filed a pro se petition for post-conviction relief, requesting that the court set aside his conviction "on the grounds that it violates his state and/or federal constitutional rights."  In his petition, the Petitioner complained that in August 2018, when he was being paroled on a separate felony drug conviction, he was informed that he was required to register as a sex offender due to his 2004 conviction and would be required to comply with the special conditions of supervision for sex offenders. He asserted that at the time of his conviction, promoting prostitution was not an offense requiring registration as a sex offender under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("the Act"); such was added in the 2012 amendments to the Act.  He argued that retroactive application of the sex offender registration requirement violated his constitutional right to be free from ex post facto laws, his right to due process, his right to be free from cruel and unusual punishment, and violated principles of double jeopardy.

At the hearing on the petition for post-conviction relief, the State stipulated that the facts as stated in the petition for post-conviction relief were true.  The petition asserted the following facts:

In August 2018, [the Petitioner] was paroled from the Tennessee Department of Correction on a four (4) year sentence for a felony drug conviction.  A few weeks before his release, he was advised that he was required to register as a sex offender due to his conviction in this case.  This was the first [the Petitioner] had ever been advised of such.

Upon being paroled on August 1, 2018, [the Petitioner] was informed by his parole officer that due to his status as a sex offender, he would be required to comply with the special conditions of supervision for sex offenders.  These conditions are significantly more onerous than standard parole supervision conditions.  For instance, [the Petitioner] must wear a GPS monitor; he is prohibited from having contact with any children, including his eight (8) grandchildren; and he cannot live or work in certain locations.

The post-conviction court entered an order denying relief in which it noted that "Tennessee's retroactive application of sex offender registration requirements has survived many *ex post facto* challenges and has been upheld as non-punitive." After citing relevant precedent, the court concluded that, "although the application of the sex offender registration requirement is retroactive, because Tennessee's Sex Offender Act has not been deemed punitive, this [c]ourt does not find that the retroactive application of the sex offender registration requirement is unconstitutional."

## ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103.

The Petitioner does not argue that his 2004 sentence for attempted promotion of prostitution is void or voidable. His sentence was legally imposed and has been served. Instead, the Petitioner argues that requiring him to register as a sex offender as a condition of his parole in another case due to his 2004 conviction violates his right to be free from ex post facto laws, his right to due process, his right to be free from cruel and unusual punishment, as well as violates principles of double jeopardy, because the crime to which he pled guilty did not require registration at the time his plea was entered.

The Act establishes a registry of individuals convicted of certain enumerated offenses. See Tenn. Code Ann. §§ 40-39-201 to -218. Those required to register under the Act are subject to various restrictions, registration, and notification requirements. See id. The Act was amended effective July 1, 2012, to add the offense of promotion of prostitution to the list of enumerated crimes constituting a "sexual offense" that requires registration under the Act. Id. § 40-39-202(20)(xviii). The language in the Act "evinces a clear intent that the registration requirements be applied retroactively to any sexual offender." Ward v. State, 315 S.W.3d 461, 468 (Tenn. 2010).

Under Tennessee Code Annotated section 40-39-211(a), a person subject to the requirements of the sex offender registry may not

> establish a primary or secondary residence or any other living accommodation or knowingly accept employment within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public.

In addition, pursuant to Tennessee Code Annotated section 40-39-211(d), a sex offender shall not

> [b]e upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present[.]

Id. § 40-39-211(d)(A). Furthermore, Tennessee Code Annotated section 40-39-211(k)(2) prohibits a sex offender from being "alone with a minor or minors in a private area."

Under Tennessee Code Annotated section 40-39-207, a person designated as a sex offender subject to the conditions of the sex offender registry may request for termination of the registration requirements with the Tennessee Bureau of Investigation ("TBI") "no sooner than ten (10) years after termination of active supervision on probation, parole, or any other alternative to incarceration, or no sooner than ten (10) years after discharge from incarceration without supervision[.] Id. § 40-39-207(a)(1). The record suggests that the Petitioner's period of probation for his conviction for attempted promotion of prostitution ended in 2005. Therefore, unless he was convicted of subsequent sexual offenses, the Petitioner would be eligible to seek termination from the sex offender registry.

In addition, the code section further provides:

> If a person convicted of an offense was not required to register as an offender prior to July 1, 2010, for an offense now classified as a sexual offense, the person may file a request for termination of registration requirements with TBI headquarters in Nashville, no sooner than five (5) years from July 1, 2010, or the date the person first registered with the SOR, whichever date is later.

Id. § 40-39-207(i)(3)(A). It appears that this code section is directly applicable to the Petitioner as the offense to which he pled guilty in 2004 was not classified a sexual offense until 2012. In the event the TBI denies his request under either provision, he can petition the chancery court for review of the decision pursuant to Tennessee Code Annotated section 40-39-207(g).

- 4 -

The remedies available to the Petitioner on his claim are established by statute and civil in nature. The Petitioner does not assert that his sentence is void or voidable, but seeks relief from a civil requirement imposed to protect society. Post-conviction relief is not the appropriate mechanism to rectify the Petitioner's claim. However, even if it were appropriate, as we will briefly address below, his constitutional claims are without merit.

With regard to the Petitioner's ex post facto argument, we note that

[t]o date, every ex post facto challenge of Tennessee's statutory scheme requiring persons classified as sexual offenders to register with the TBI sex offender registry has been rejected. The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit upheld Tennessee's sex offender registry in Smith v. Doe, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), Conn. Dept. of Public Safety v. Doe, 538 U.S. 1, 123 S. Ct. 1160, 155 L. Ed. 2d 98 (2003), Doe v. Bredesen, No. 3:04-CV-566, 2006 WL 849849 (E.D. Tenn. Mar.28, 2006), aff'd 507 F.3d 998 (6th Cir. 2007), pet. cert. denied, --- U.S. ----, 129 S. Ct. 287, 172 L. Ed. 2d 210 (2008), and Cutshall v. Sundquist, 193 F.3d 466 (6th Cir. 1999). Furthermore, both the Court of Appeals and the Court of Criminal Appeals of Tennessee upheld the sex offender registry against ex post facto challenges. See Strain v. Tennessee Bureau of Investigation, No. M2007-01621-COA-R3-CV, 2009 WL 137210 (Tenn. Ct. App. Jan. 20, 2009); State v. Gibson, No. E2003-02102-CCA-R3-CD, 2004 WL 2827000 (Tenn. Crim. Ct. App. Dec. 9, 2004).

John Doe v. Robert E. Cooper, Jr., as Attorney General for State of Tennessee, No. M2009-00915-COA-R3-CV, 2010 WL 2730583, at *7 (Tenn. Ct. App. July 9, 2010), perm. app. denied (Tenn. Dec. 7, 2010). The Tennessee Supreme Court has considered the Act and noted that "[a]n examination of the clearly-expressed legislative intent of the registration act supports the conclusion that the registration requirements imposed by the sex offender registration act are nonpunitive and that they are therefore a collateral consequence of a guilty plea." Ward, 315 S.W.3d at 469-70 (quoting Tenn. Code Ann. § 40-39-201). "[W]hile the registration requirement is undoubtedly a definite, immediate, and largely automatic consequence of a conviction of a sexual offense or violent sexual offense, it does not have an effect on the length, manner, or service of the defendant's punishment." Id. at 472.

With regard to the Petitioner's due process claim, the Petitioner has suffered no criminal penalty because the registration requirement is remedial and regulatory and not

punitive in nature. Id. In addition, as detailed above, the Petitioner has a means of addressing his claim by petitioning the TBI for removal from the registry.

With regard to the Petitioner's cruel and unusual punishment claim, as noted above, our courts have determined that the restrictions and requirements of the Act do not constitute punishment. Therefore, the restrictions and limitations can hardly be characterized as cruel and unusual punishment.

With regard to the Petitioner's double jeopardy claim, the Petitioner is not "being punished twice for one offense." The GPS monitor is a condition of his parole and not a requirement under the Act. Similarly, his parole might prohibit contact with "any children," but that requirement is not a provision of the Act. He is not prohibited by the Act from having any contact with his grandchildren as he claims, he just cannot be alone with them. In addition, the Petitioner has not shown that he has suffered any harm as a result of housing and employment restrictions, other than generalized commentary on the matter.

We conclude that the Petitioner's constitutional rights were not violated by the registration requirement.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the denial of the petition.

_____
ALAN E. GLENN, JUDGE